IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM HERRING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-754-WKW-SRW |
| | ) | [WO] |
| JUDGE GLENN GOGGANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Elmore County Jail in Wetumpka, Alabama. He brings this 42 U.S.C. § 1983 action against Judge Glenn Goggans and the Elmore County Jail complaining that he is being illegally imprisoned for debts, fines, court costs, and restitution which he cannot afford to pay. Plaintiff maintains that it is illegal under federal and state law to imprison individuals for debts based on their inability to pay. For relief, Plaintiff requests that the cases against him be dismissed, that he be compensated for each day he has been incarcerated, and that he be released from jail. Upon review, the Court concludes that dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**I.   DISCUSSION**

    **A.   Dismissal Under 28 U.S.C. § 1915(e)(2)(B)**

The Court granted Plaintiff leave to proceed in forma pauperis in this case. Doc. 3. Complaints by prisoners who are granted in forma pauperis status are subject to screening

under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### B. The Elmore County Jail

Plaintiff names the Elmore County Jail as a defendant. The law is settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

Based on the foregoing, the undersigned finds that the Elmore County Jail is not a legal entity subject to suit and it is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915(e)(2)(B)(i).

### C. Judge Glenn Goggans

In this case, Plaintiff claims that his constitutional rights were violated when Judge Goggans imprisoned him based on his failure to pay debts and other court-imposed fees. Such conduct, Plaintiff claims, is illegal because of his inability to pay these debts. Doc. 1 at 2–3. Plaintiff's allegations against Judge Goggans make clear that they arise from actions taken while the judge presided over Plaintiff's pending state cases. However, it is well established that a plaintiff may not maintain a suit for damages against judges acting in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies when the judge's action was in error, was done maliciously, or was taken in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice). Immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Stump*, 435 U.S. at 356–57. The "relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted). This immunity applies in § 1983 proceedings. *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985).

Plaintiff's allegations against Judge Goggans indicate that the judge's alleged actions were taken as part of normal state court proceedings in relation to cases before him and do not support any assertion that the judge did not act within his judicial capacity or that his actions were taken in the complete absence of all jurisdiction. Thus, Judge Goggans

is immune from civil liability damages. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because judge's actions were taken in his judicial capacity and he did not act in the absence of all jurisdiction by altering minutes of a sentencing hearing after the hearing, he was entitled to absolute judicial immunity); *Stump*, 435 U.S. at 356 (holding that judge was entitled to immunity where he was not acting in the clear absence of all jurisdiction, even if plaintiff alleges the action was erroneous, malicious, or without authority). Accordingly, Plaintiff's claims seeking monetary damages from Defendant Goggans are due to be dismissed under § 1915(e)(2)(B)(iii).

Additionally, a court may dismiss a complaint as frivolous under § 1915 if an affirmative defense, such as absolute immunity, would defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (*citing Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (holding that parole board members entitled to absolute quasi-judicial immunity from suit for damages)). In addition to judicial immunity from damages, judges also receive protection from declaratory and injunctive relief. *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" *Id*. (*citing* 42 U.S.C. § 1983; *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) (per curiam)).

In *Nestor v. Day*, the plaintiff requested only declaratory and injunctive relief against the defendant judge. In determining whether judicial immunity applied, the court stated:

> Plaintiff's attempts to confine his requested relief to declaratory and injunctive relief against [the defendant judge] do not save his cause. Although both declaratory and prospective injunctive relief may be available in § 1983 actions even where judicial immunity would otherwise bar a claim, they are improper to redress Plaintiff's claims against [the defendant judge] here. Simply because these types of relief are available does not mean they are appropriate. "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). . . . Moreover, in order to receive declaratory or injunctive relief against a judicial officer, "there must be an inadequate remedy at law . . . [and a] state appellate process is an adequate remedy at law." *Tarver*, 808 F. App'x at 754.

No. 8:20-CV-265-CEH-TGW, 2021 WL 3617418, at *9 (M.D. Fla. Aug. 16, 2021). Because the plaintiff in *Nestor* did not allege that the defendant judge had violated a declaratory decree and because the plaintiff could have appealed the decision at issue to a state appellate court, judicial immunity barred his claims.

Similarly, in this § 1983 case, declaratory and injunctive relief are improper because there is no suggestion that Judge Goggans violated a declaratory decree, and Plaintiff's ability to appeal his challenged cases to the appropriate state court provides him an adequate remedy at law. *See Tarver*, 808 F. App'x at 754. Accordingly, Defendant Goggans has absolute immunity from Plaintiff's claims for damages, declaratory relief, and injunctive relief. Therefore, because the affirmative defense of absolute judicial immunity defeats Plaintiff's claims, regardless of the relief he seeks, his complaint against Judge Goggans is due to be dismissed under § 1915(e)(2)(B)(i) as frivolous. *Clark*, 915

5

F.2d at 640 n.2; *see also Pugh v. Balish*, 564 F. App'x 1010, 1011–13 (11th Cir. 2014) (affirming frivolity dismissal of plaintiff's claims and noting, "[w]here judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis").

### D. The *Younger* Abstention Doctrine

Liberally construing the complaint, it appears that Plaintiff may intend to challenge the fundamental legality of the charges challenged in this case and that he seeks some form of injunctive or declaratory relief that prohibits his prosecution. If so, those claims are due to be dismissed under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. *Id*. at 44–45; *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (explaining that "[a]ttentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (*citing Younger*, 401 U.S. at 37). Pursuant to *Younger*, federal courts should abstain from interfering with ongoing state criminal proceedings except in very limited circumstances. 401 U.S. at 43–45.

The *Younger* abstention applies when state judicial proceedings are pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *31 Foster Child. v. Bush*, 329 F.3d

6

1255, 1274 (11th Cir. 2003). Each of these elements is present here. Plaintiff has multiple pending traffic cases assigned to Judge Goggans in Elmore County, Alabama.[1] His pending cases implicate the important state interest of law enforcement. *Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (recognizing that criminal proceedings, which are necessary to vindicate important state policies, implicate a state's interest) (*citing Middlesex*, 457 U.S. at 432). Plaintiff may raise claims challenging the validity of the charges against him in the pending state court proceedings and, if unsuccessful, appeal to the appropriate state court.

While exceptions to *Younger* exist, there is no indication that an exception to *Younger* is present in this case. *See Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (*citing Younger*) (explaining that exceptions to *Younger* apply when (1) prosecution will cause "great and immediate" irreparable injury; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief). Even if Plaintiff's Complaint could be read to fairly allege that one or more of the exceptions is present, his allegations are insufficient to warrant relief. *See Younger*, 401 U.S. at 48. The mere fact that Plaintiff must defend himself in state court proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 (finding "[the cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term."). Additionally, Plaintiff has identified no state law that he

---

[1] The Court takes judicial notice of Alabama's state court records system hosted at www.alacourt.com. *Keith v. DeKalb Cty., Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

7

claims flagrantly and patently violates the constitution, he has not asserted bad faith or harassment that would justify excluding evidence or dismissing his cases, and he alleges no unusual circumstances warranting equitable relief. Therefore, no exceptions to the *Younger* abstention apply here, and any claims seeking injunctive or declaratory relief with respect to Plaintiff's ongoing state court proceedings are due to be dismissed without prejudice under the *Younger* abstention doctrine.

### III.  CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS the following:

1. The claims against Judge Goggans be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The claims against the Elmore County Jail be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

3. Any claims challenging the constitutionality of Plaintiff's pending state court cases and seeking injunctive or declaratory relief with respect to those cases be DISMISSED without prejudice under the *Younger* abstention doctrine.

4. This case be DISMISSED prior to service of process.

It is further ORDERED that **by January 5, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28

U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982);  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 21st day of December, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge